FILED

2015 OCT -9  PM 2: 45

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL BRAY and
GERI BRAY,
as individuals,

      Plaintiffs,

v.

Case No.

6:15-CV-1705-Orl-41-TBS

PNC BANK, N.A., d/b/a
PNC MORTGAGE,
a national association,

      Defendant.

_____/

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, DANIEL BRAY and GERI BRAY (hereinafter, "Plaintiffs"), by and through the undersigned counsel, and hereby sue Defendant, PNC BANK, N.A., d/b/a PNC MORTGAGE (hereinafter, "Defendant"). In support thereof, Plaintiffs state:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), and for declaratory judgment and injunctive relief in equity.

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367. Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202.

2. Venue in this District is proper because Defendant transacts business in this District, and the conduct complained of occurred in this District.

3. At all material times herein, the conduct of Defendant, complained of below, occurred in Brevard County, Florida.

4. At all material times herein, Plaintiffs are individuals residing in Brevard County, Florida.

5. At all material times herein, Defendant is a national association engaged in business in Florida with its principal place of business located at 249 Fifth Avenue, Pittsburgh, Pennsylvania 15222.

## GENERAL ALLEGATIONS

6. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

7. At all material times herein, Defendant attempted to collect a debt, specifically a consumer mortgage loan referenced by account number ending in -4700 (hereinafter, "Debt").

8. At all material times herein, the Debt is a consumer debt, incurred primarily for personal, household, or family use.

9. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

10. At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

11. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

12. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

13. On or about December 29, 2011, Plaintiffs filed a Chapter 7 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, referenced by case number 6:11-bk-19308-ABB (hereinafter, "Bankruptcy Case"). Please see attached a true and correct copy of Plaintiffs' Bankruptcy Case docket labeled as Exhibit "A1-A5."

14. The Debt was listed in Schedule D of Plaintiffs' bankruptcy petition. Please see attached a true and correct copy of Schedule D labeled as Exhibit "B."

15. On or about January 1, 2012, Clerk of the Bankruptcy Court, Lee Anne Bennett, declared under penalty of perjury that Defendant was sent notice of Plaintiffs' Bankruptcy Case via the *Notice of Commencement of Case, Section 341 Meeting of Creditors, and Fixing Deadlines* (hereinafter, "*Notice*"). Said *Notice* included the names of Plaintiffs' counsel in the Bankruptcy Case (hereinafter, "Bankruptcy Counsel") and Bankruptcy Counsel's contact information. Please see attached a true and correct copy of said Notice labeled as Exhibit "C1-C2."

16. On or about February 10, 2012, Defendant filed a *Motion for Relief from Stay with Negative Notice* (hereinafter, "*Motion for Relief*"). On or about March 8, 2012, the Bankruptcy Court granted Defendant's *Motion for Relief* pursuant to its *Order Granting PNC Bank, National Association Relief from Stay* (hereinafter, "*Order Granting Relief*"). Please see

Case 6:15-cv-01705-CEM-TBS Document 1 Filed 10/09/15 Page 4 of 17 PageID 4

attached a true and correct copy of said *Order Granting Relief* labeled as Exhibit "D1-D2."

17. The *Order Granting Relief* was "entered for the sole purpose of allowing [Defendant] *in rem* relief." The *Order Granting Relief* further ordered that Defendant "shall not obtain *in personam* relief against" Plaintiffs. *See* Exhibit "D2."

18. On April 4, 2012, Plaintiffs' debts, including the Debt, were discharged pursuant to the below-referenced Discharge of Debtor.

19. On April 6, 2012, Clerk of the Bankruptcy Court, Lee Anne Bennett, declared under penalty of perjury that Defendant was sent a copy of Plaintiffs' Bankruptcy Case's *Discharge of Debtor* (hereinafter, "*Discharge*"). Please see attached a true and correct copy of said *Discharge* labeled as Exhibit "E1-E2."

20. On or about May 25, 2012, Defendant initiated an action against Plaintiffs to foreclose the mortgage on the subject property (hereinafter, "Mortgage Foreclosure Proceeding") in an attempt to seek *in rem* relief. Please see attached a true and correct copy of the Mortgage Foreclosure Proceeding's docket labeled as Exhibit "F1-F5."

21. On or about October 5, 2012, the Cypress Springs Condominium Association (hereinafter, "Cypress Springs"), the association for the subject property, initiated a separate action to foreclose a Claim of Lien (hereinafter, "Claim of Lien Action"). Please see attached a true and correct copy of the Claim of Lien Action's docket labeled as Exhibit "G1-G3."

22. On or about April 10, 2013, the subject property was sold at public auction pursuant to Cypress Springs' Claim of Lien Action. Please see attached a true and correct copy of the *Certificate of Sale* labeled as Exhibit "H."

23. On or about May 3, 2013, title of the subject property was transferred to Cypress Springs. Please see attached a true and correct copy of the *Certificate of Title* labeled as Exhibit "I."

4

24. Upon transfer of title to Cypress Springs on May 3, 2013, Plaintiffs no longer held title to the property.

25. On or before February 11, 2014, Defendant mailed Plaintiffs a letter offering a "Deed in lieu of Foreclosure" (hereinafter, "Deed Letter") in an attempt to collect the Debt. Please see attached a true and correct copy of said Deed Letter labeled as Exhibit "J."

26. Specifically, the Deed Letter stated that Plaintiffs' "[a]ccount [wa]s seriously delinquent." The Deed Letter also contained the following language:

> To help you avoid foreclosure and enable you to move to more affordable housing, we would like to offer you the opportunity to qualify for a Deed in Lieu of Foreclosure. Under this agreement, if you have the property listed for sale for 60 days at the current fair market value with no activity, you may be able to transfer title to your property to PNC Bank, N.A. as settlement in full for the debt.

27. Defendant mailed the Deed Letter despite knowledge of: (1) the *Order Granting Relief*, which specifically prohibited Defendant from seeking *in personam* relief from Plaintiffs; (2) Plaintiffs' Bankruptcy discharge; (3) the subject property's sale at public auction; and (4) Plaintiffs' transfer of title to Cypress Springs as a result of the public auction sale and Certificate of Title to the subject property.

28. On or before June 16, 2014, Defendant mailed Plaintiffs a delinquency notice (hereinafter, "Delinquency Notice") in an attempt to collect the Debt. Please see attached a true and correct copy of said Delinquency Notice labeled as Exhibit "K."

29. Specifically, the Delinquency Notice advised Plaintiffs that "[f]ailure to bring your loan current may result in fees and foreclosure – the loss of your home."

30. Defendant mailed the Delinquency Notice despite knowledge of: (1) the *Order Granting Relief*, which specifically prohibited Defendant from seeking *in personam* relief from Plaintiffs; (2) Plaintiffs' Bankruptcy discharge; (3) the subject property's sale at public auction;

and (4) Plaintiffs' transfer of title to Cypress Springs as a result of the public auction sale and Certificate of Title to the subject property.

31. Plaintiffs attempted to refinance their mortgage through QuickenLoans. However, as a result of Defendant's reports to the three major credit reporting agencies, Plaintiffs were unable to refinance the mortgage. Please see attached a true and correct copy of the QuickenLoans letter denying Plaintiffs' request to refinance labeled as Exhibit "L."

32. From approximately June 2011 to March 2014, Defendant reported the Debt to the three major credit reporting agencies on Plaintiffs' credit report as a foreclosure. Please see attached a true and correct copy of the relevant pages of Plaintiffs' June 10, 2014 Experian credit report attached as Exhibit "M1-M4."

33. Defendant reported the Debt as a foreclosure despite: (1) receiving notice of Plaintiffs' Bankruptcy Case on or about January 1, 2012; and (2) receiving notice of the discharge of the Debt pursuant to Plaintiffs' Bankruptcy Case on or about April 6, 2012.

34. Further, from approximately April 2012 until February 2014, Defendant called Plaintiffs' cellular and home phones regularly in an attempt to collect the Debt.

35. Defendant's telephone calls, as more specifically alleged below, were made to both Plaintiffs' cellular telephone numbers, 321.960.4044 and 321.960.6917 (hereinafter collectively, "Plaintiffs' Cell Phones"), using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

36. Plaintiffs are the owners, regular users, and possessors of Plaintiffs' Cell Phones with the assigned numbers 321.960.4044 and 321.960.6917.

37. At no time herein did Defendant possess Plaintiffs' prior express consent to call Plaintiffs' Cell Phones using an ATDS, a PTDS, or an APV.

38. Further, if Defendant contends it had such consent, such consent was revoked the moment the Discharge was entered, which extinguished the relationship between Plaintiffs and Defendant. Such consent was further revoked upon Defendant's receipt of notice that Undersigned Counsel represented Plaintiffs with respect to the Debt. *See* Fla. Stat. § 559.72(18).

39. Additionally, if Defendant contends these phone calls were made for "informational purposes only," Defendant still lacked the required prior express written consent necessary to make such informational calls to Plaintiffs' Cell Phone using an ATDS, a PTDS, or an APV.

40. Defendant placed said calls despite knowledge of: (1) the *Order Granting Relief*, which specifically prohibited Defendant from seeking *in personam* relief from Plaintiffs; (2) Plaintiffs' Bankruptcy Discharge; (3) the subject property's sale at public auction; and (4) Plaintiffs' transfer of title to Cypress Springs as a result of the public auction sale and Certificate of Title to the subject property.

41. Specifically, Defendant called Plaintiffs' Cellular Phones at least once a month during the above-mentioned time period, totaling *at least* forty-eight (48) calls during that period in an attempt to collect the Debt.

42. Furthermore, Defendant called Plaintiffs' home phone at least once a month during the above-mentioned time period, totaling *at least* twenty-three (23) calls during that period in an attempt to collect the Debt.

43. As a direct result of Defendant's actions, Plaintiffs suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, that Plaintiffs' Bankruptcy Case and discharge were wholly ineffective, that the sale of the subject property was wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to

be endured.

44. Plaintiffs retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

45. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendant.

46. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiffs' Cell Phones in violation of the TCPA or the regulations proscribed thereunder.

47. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiffs' Cell Phones in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

48. Defendant's telephone calls made to Plaintiffs' Cell Phones using an automatic dialing system or an artificial or pre-recorded voice were made in willful and knowing violation of the TCPA.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiffs re-allege paragraphs one (1) through forty-eight (48) as if fully restated herein and further state as follows:

49. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs.

50. Specifically, despite the *Order Granting Relief* prohibiting any *in personam* collection, the transfer of title, and Plaintiffs' Bankruptcy Discharge, Defendant repeatedly called Plaintiffs' Cell Phones *at least* forty-eight (48) times, called Plaintiffs' home phone at least twenty-three (23) times, and mailed Plaintiffs *at least* two (2) collection letters in an attempt to abuse and harass Plaintiffs into paying the Debt.

51. Further, Defendant's telephone calls were intended to force, coerce, harass, frighten, embarrass, and/or humiliate Plaintiffs into paying the Debt. Said calls constitute an unlawful, intentional, systematic, continuous, willful, reckless, and harassing invasion of Plaintiffs' privacy.

52. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

53. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(6)

Plaintiffs re-allege paragraphs one (1) through forty-eight (48) as if fully restated herein and further state as follows:

54. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed without also disclosing that fact.

55. Specifically, from approximately June 2011 to the present, Defendant reported the Debt to the three major credit reporting agencies on Plaintiffs' credit report as a foreclosure.

56. Defendant reported the Debt as a foreclosure despite: (1) receiving notice of Plaintiffs' Bankruptcy Case on or about January 1, 2012; and (2) receiving notice of the discharge of the Debt pursuant to Plaintiffs' Bankruptcy Case on or about April 6, 2012.

57. At no time did Defendant correctly report Plaintiffs' Debt as in a bankruptcy, or discharged in a bankruptcy.

58. As a result of Defendant's incorrect reports to the three major credit reporting agencies, Plaintiffs were unable to refinance their mortgage.

59. As a direct and proximate result of Defendant's actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiffs re-allege paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

60. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist.

61. Specifically, Defendant possessed actual knowledge of Plaintiffs' Bankruptcy Case and Discharge. Further, the *Order Granting Relief* specifically prohibited Defendant from seeking *in personam* relief. *See* Exhibit "D1-D2."

62. Despite the above-referenced knowledge, Defendant repeatedly attempted to collect the Debt directly from Plaintiffs.

63. Specifically, Defendant called Plaintiffs *at least* seventy-one (71) times and sent *at least* two (2) written communications directly to Plaintiffs in attempts to collect the Debt.

64. Defendant knowingly falsely asserted that the Debt was legitimate in its attempts to collect the Debt and falsely asserted that it had the right to collect the Debt directly from Plaintiffs despite possessing actual knowledge of Plaintiffs' Bankruptcy Case, the *Order Granting Relief*, and Discharge.

65. As a direct and proximate result of Defendant's actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT FOUR:
### UNLAWFUL DEBT COLLECTION PRACTICE – VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiffs re-allege paragraphs one (1) through forty-eight (48) as if fully restated herein and further state as follows:

66. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating directly with Plaintiffs after receiving actual notice that Plaintiffs were represented by counsel with regard to the underlying Debt.

67. Specifically, on or about January 1, 2012, Defendant received actual notice of Plaintiff's Bankruptcy Case via the *Notice*. Said *Notice* included the name and contact information of Plaintiff's Bankruptcy Counsel.

68. Despite the above-referenced knowledge, Defendant called Plaintiffs *at least* seventy-one (71) times and sent Plaintiffs *at least* two (2) written communications directly in its attempts to collect the Debt.

69. As a direct and proximate result of Defendant's actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT FIVE:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiffs re-allege paragraphs one (1) through forty-eight (48) as if fully restated herein and further state as follows:

70. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiffs' prior express consent.

71. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiffs' cellular phones *at least* forty-eight (48) times in its attempts to collect the Debt.

72. At no time did Defendant have Plaintiffs' prior express consent to call Plaintiffs' cellular phones.

73. Further, if Defendant contends it possessed such consent, such consent was revoked upon receipt of notice of attorney representation with regard to the Debt. Any consent was further revoked the moment the Discharge was entered, which extinguished the relationship between Plaintiffs and Defendant.

74. Additionally, if Defendant contends the above-mentioned phone calls were made for "informational purposes only," Defendant still lacked the required prior express consent necessary to make such informational calls to Plaintiffs' Cell Phones using an ATDS or APV.

75. The phone calls made by Defendant complained of herein are the result of a repeated willful and knowing violation of the TCPA.

76. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered:

    a. The periodic loss of their cellular phone service;

12

b. Lost material costs associated with the use of peak time cellular phone minutes allotted under their cellular phone service contract.

c. The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

d. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

e. Statutory damages.

## COUNT SIX:
## DECLARATORY AND INUNCTIVE RELIEF

Plaintiffs re-allege paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

77. Unless Defendant is immediately enjoined from continuing its debt collection attempts against Plaintiffs, Plaintiffs will suffer irreparable injury.

78. Plaintiffs have no adequate remedy at law.

79. Plaintiffs have a clear legal right to the protections of the FCCPA and TCPA, as well as the permanent injunction that extends from their Bankruptcy Case pursuant to 11 United States Code, Section 524.

80. Given Defendant's conduct, and its apparent intention and ability to continue to collect the Debt directly from Plaintiffs in violation of said debt collection laws, Plaintiffs have no adequate remedy at law. Plaintiffs need and are entitled to injunctive relief.

81. The requested injunction is reasonably necessary to protect the legal rights of Plaintiffs and will have no adverse effect on the public welfare.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiffs respectfully request against Defendant entry of:

    a.    Judgment against Defendant declaring that Defendant violated the FCCPA and TCPA;

    b.    Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

    c.    Judgment against Defendant for actual damages pursuant to the FCCPA in an amount to be determined at trial;

    d.    Judgment against Defendant for punitive damages pursuant to the FCCPA in an amount to be determined at trial;

    e.    Judgment against Defendant for injunctive relief for Defendant's continued violations of the FCCPA and TCPA;

    f.    Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

    g.    Judgment against Defendant for treble statutory damages in the amount of up to $1,500.00 for each of Defendant's telephone calls that violated the TCPA for which Defendant acted knowingly and/or willingly;

    h.    Judgment for an award of reasonable attorneys' fees and costs; and

    i.    Any other such relief this Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby gives notice to Defendant and demands that Defendant and its affiliates

safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 093088**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
☐ **Sara J. Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiffs*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA            )
                            )
COUNTY OF BREVARD           )

Plaintiff, DANIEL BRAY, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_Daniel P. Bray_
Daniel Bray

Subscribed and sworn to before me this 23rd day of July, 2015.

_Notary Public_

My Commission Expires:
October 15th 2017

Proof of I.D.: DL / Known

16



MARIO DURAN ATKINS
Commission # FF 063487
Expires October 15, 2017
Bonded Thru Troy Fain Insurance 800-385-7019

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF BREVARD )

Plaintiff, GERI BRAY, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
Geri Bray

Subscribed and sworn to before me
this 23rd day of July, 2015.

_____
Notary Public

My Commission Expires:          Proof of I.D.: DL /Known
October 15th 2017

17



MARIO DURAN ATKINS
Commission # FF 063487
Expires October 15, 2017
Bonded Thru Troy Fain Insurance 800-385-7019